By The Court.
At the trial, tne defendant as executrix, was a party to the action adverse to the plaintiff, within the purview of section 5242, of the Revised Statutes, and the testimony excluded does not come within either of the exceptions contained in that section. True, the plaintiff was prosecuting the action in his representative character as executor of the lessor; but the issues in the action were joined between him, as such, and the defendant; and he was interested in maintaining the issues in his behalf, not only in his representative capacity, but individually also to the extent, at least, that his compensation was affected by the amount recovered in the action. The statute has reference to the adverse character which the parties sustain toward each other as parties in the action at the time of the trial, and not necessarily to their relation as parties to the transaction which is the subject of the action or defense; and unless these parties were adverse, there were none in the action, for they were the only parties. It is said the plaintiff might have resigned as executor, and then he would have been competent to testify as desired; but then he would no longer be a party to the action, and therefore not within the inhibition of the statute. But being a party to the action when his testimony was offered, it was properly excluded. The objection to the testimony he was called on to give, on the ground that it was incompetent, was sufficient; it was not necessary to make an objection to the competency of the'witness. He was not incompetent to testify to any matter falling within any one of the exceptions in the statute, and there might be room for conten *632 tion thab a general objection to the witness was too broad. The testimony which was sought to be elicited from the witness was incompetent, and an objection to it on that ground properly called for its exclusion.
Other questions arising upon the record were argued, and have been considered. But, as to them, we deem it necessary to say only that we find no prejudicial error.
Judgment, affirmed.